# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DAVID W. CURRY<br>2230 Highway 33<br>West Bend, WI 53090,<br><br>and<br><br>JUDITH CURRY<br>2230 Highway 33<br>West Bend, WI 53090,<br><br>    Plaintiffs,<br><br>v.<br><br>NORTHERN TOOL & EQUIPMENT CO., INC.<br>a foreign corporation<br>2800 Southcross Drive West<br>Burnsville, MN 55306<br><br>and<br><br>ABC INSURANCE COMPANY,<br><br>and<br><br>NORTHERN TOOL & EQUIPMENT CO.<br>MEDICAL PLAN<br>a foreign health plan<br>2800 Southcross Drive West<br>Burnsville, MN 55306,<br><br>    Defendants. | Case No.:<br><br>State Court Case No.:<br>2018CV000181<br><br><br><br><br><br><br><br>**NOTICE OF REMOVAL** |

**TO:  THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332 and 1441, Defendants Northern Tool & Equipment Company, Inc. ("NTE") and Northern Tool & Equipment Co. Medical Plan (the "NTE Medical Plan") (collectively, the "NTE Defendants"), with a full reservation of any and all rights, claims, and defenses of any nature whatsoever, remove this action to the U.S. District Court for the Eastern District of Wisconsin from the State of Wisconsin Circuit Court, Washington County. Removal is proper because, as demonstrated below, this Court has original jurisdiction over this matter, and the NTE Defendants' removal is otherwise proper and timely.

## Procedural History

1. On March 19, 2018, Plaintiffs David W. Curry and Judith Curry (collectively, "Plaintiffs") filed a Summons and Complaint in a lawsuit in Washington County Circuit Court captioned *David W. Curry and Judith Curry v. Northern Tool & Equipment Company, Inc., ABC Insurance Company, and Northern Tool & Equipment Co. Medical Plan*, Case No. 2018CV000181 (the "Wisconsin State Court Proceeding").

2. The NTE Defendants were served with the Summons and Complaint on March 27, 2018. True and correct copies of the Summons and Complaint in the Wisconsin State Court Proceeding are attached hereto as Exhibit A. The documents in Exhibit A constitute all "process, pleadings, or orders" within the meaning of 28 U.S.C. § 1446.

3. Plaintiffs are Wisconsin residents. (Compl. ¶¶ 1-2.) Mr. Curry was employed by NTE. (*Id.* ¶ 5.)

4. NTE is a Minnesota company with its home office and principal place of business located in Minnesota. (*Id.* ¶ 3.)

5. Defendant ABC Insurance Company is a fictitious name, used pursuant to Wis. Stat. § 807.12, to identify a defendant with an unknown name, address, registered agent, status of incorporation, and location of incorporation. (*Id.* ¶ 4.)

6. Based on the allegations in the Complaint, the NTE Medical Plan[1] is a foreign health plan with its home office and principal place of business located in Minnesota. (*Id.* ¶ 5.)

7. Plaintiffs allege in the Complaint that on May 13, 2017, Mr. Curry was using a product called the "Ultra-Tow Aluminum Bi-Fold Pet Loading Ramp" (the "Product") to load supplies into his recreational vehicle, and he was walking on the ramp when the support brace on the ramp failed (the "Incident"). (Compl. ¶¶ 7 and 11.) As a result of the Incident, Mr. Curry claims he was injured, including an avulsion fracture of the inferior pole of his patella. (*Id.* ¶ 12.) Plaintiffs allege NTE was both the manufacturer and seller of the Product to Plaintiffs. (*Id.* ¶ 7.)

8. The Complaint states that as a result of the Incident, Mr. Curry suffered damages including "extensive" medical care and treatment, surgery, related care and

---

[1] NTE's Notice of Removal is based on the facts as set forth in the Complaint, including the identities of the named-parties. Although the NTE Medical Plan is a named-Defendant, and the undersigned counsel appears on its behalf for purposes of consent to removal, NTE reserves all rights and defenses with respect to whether the NTE Medical Plan is a properly named party. NTE expects dismissal, via stipulation or motion, of the NTE Medical Plan may be proper on the grounds that the named-Defendant is a non-existent entity.

treatment of his injuries, medication for care and treatment of his pain, "severe and permanent mental anguish and suffering," "severe and permanent embarrassment and emotional distress" resulting from the Incident, future and permanent injury to his knee including probable arthritic changes, future pain, loss of range and motion, and future and permanent impairment of his ability to enjoy life. (*Id.* ¶¶ 14 and 15.)

9. The Complaint states that as a result of the Incident, Mrs. Curry suffered additional damages including loss of aid, comfort, consortium, society, and companionship of her husband, expenses for the medical care and treatment of her husband, missed work to attend medical appointments for the care and treatment of her husband, including extensive nursing care and services. (*Id.* ¶ 31-32.) Plaintiffs also seek collection of their reasonable attorneys' fees and reimbursement of costs and disbursements. (*Id.* p. 9.)

10. The total amount in controversy in this case exceeds $75,000.00. As described in detail above, the damages claimed by Mr. Curry are wide-ranging, including "extensive" physical and "permanent" emotional damages. Plaintiffs also seek numerous categories of damages related to Mrs. Curry, including loss of aid and consortium-related damages, reimbursement for rendering "extensive" nursing care and services to Mr. Curry, reimbursement for losses related to Mrs. Curry missing work to attend medical appointments, and reimbursement of expenses for medical care and treatment of Mr. Curry. Plaintiffs have not expressly disclaimed individual damages over $75,000. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (binding disclaimers of

damages over $75,000 have been long-approved as a way of staying out of federal court, and stating that if plaintiff really wanted to prevent removal, it should have stipulated to damages not exceeding the $75,000 jurisdictional limit). The total amount of alleged damages claimed by both Mr. Curry and Mrs. Curry can be reasonably calculated in an amount well in excess of $75,000.

## **Applicable Statutes**

11. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because it is a civil action between citizens of different states in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and which may be removed to this Court under 28 U.S.C. § 1441.

12. The amount in controversy in this matter exceeds $75,000. *See supra* ¶¶ 8-9.

13. Plaintiffs also seek recovery of their reasonable attorneys' fees, which are likely to be extensive in this matter. Plaintiffs have asserted five causes of action against three defendants—one of which is a fictitious defendant yet to be identified and the other appears to be a non-existent entity—including Strict Liability, Breach of Warranty, Negligence, Res Ipsa Loquitur, and Loss of Spousal Consortium. (Compl. ¶¶ 17-32.) At a minimum, this case will require discovery and judicial determination concerning issues including how the Product was designed and manufactured, what entity manufactured the Product, Mr. Curry's knowledge of proper use of the Product, whether Mr. Curry was contributorily negligent in his use of the Product, whether the warnings and instructions

accompanying the Product were sufficient to put Mr. Curry on notice that his use of the Product was unreasonable or dangerous, what warranties applied to NTE's sale of the product, whether those warranties were breached, what health plan Mr. Curry was enrolled in at the time of the Incident, if any, and whether any health plan has a subrogation obligation or right in this litigation. This litigation will also require discovery and a judicial determination concerning Mrs. Curry's claimed damages, including whether any damages exist and the amount of such damages. It is more likely than not that the reasonable attorneys' fees in this matter will exceed $75,000.

14. Considering Plaintiffs' claimed damages and potential attorneys' fees, the total amount in controversy in this action will exceed $75,000, and removal is therefore proper. *Oshana*, 472 F.3d at 512 (in determining whether damages could plausibly exceed $75,000, a district court may also consider a potential award of attorneys' fees, compensatory damages, and attorneys' fees up to the time of removal); *Gardynski-Leshuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998) ("Legal fees may count toward the amount in controversy when the prevailing party is entitled to recover them as part of damages."); *Unified Catholic Schs. Of Beaver Dam Educ. Ass'n v. Universal Card Servs. Corp.*, 34 F. Supp. 2d 714, 720 n.4 (E.D. Wis. 1999) (where a party has a right based on contract, statute or other authority to an award of attorneys' fees if it prevails in litigation, "a reasonable estimate of those fees may be included in determining whether the jurisdictional minimum is satisfied").

15. 28 U.S.C. § 1446(b)(1) states that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." The Complaint is an initial pleading setting forth the claim for relief upon which this action or proceeding is based. This notice of removal is filed within 30 days after receipt of the Complaint by the NTE Defendants on March 27, 2018.

16. The Complaint also provides proper notice of a claim for relief. It states Plaintiffs have incurred substantial damages related to five causes of action, claims entitlement to reasonable attorneys' fees, and suggests that the parties' citizenship appears to be diverse.

17. As such, the Complaint is appropriately the subject of removal pursuant to 28 U.S.C. §§ 1441 and 1446.

## Diversity of Citizenship

18. According to the Complaint, Plaintiffs are citizens and residents of Wisconsin. (Compl. ¶¶ 1 and 2.)

19. According to the Complaint, Northern Tool & Equipment Co., Inc. is a foreign corporation with its home office and principal place of business in Minnesota. (*Id.* ¶ 3.)

20. According to the Complaint, ABC Insurance Company is a fictitious name for an insurance policy issued by an insurance company to NTE. (*Id.* ¶ 4.) 28 U.S.C.

§ 1441(b)(1) states: "In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

21. According to the Complaint, Northern Tool & Equipment Co. Medical Plan is a foreign health plan with its home office and principal place of business in Minnesota. (Compl. ¶ 5.)

### Amount in Controversy

22. In the Complaint, Plaintiffs claim Mr. Curry suffered extensive and severe medical expenses, along with a permanent arthritic knee condition and permanent loss of range of motion, with no agreement to limit damages to the $75,000 jurisdictional amount. Thus, the amount in controversy between the parties exceeds $75,000, exclusive of interest and costs.

23. Both NTE Defendants consent to removal. Therefore, all defendants who have been properly joined and served join in and consent to removal of the action under 28 U.S.C. § 1446(b)(2)(A),

24. Under 28 U.S.C. §§ 1332 and 1441, this proceeding is therefore properly removed to this Court, the U.S. District Court for the Eastern District of Wisconsin, as the district embracing the place where the Wisconsin State Court Proceeding is pending.

### Concurrent Notice to State Court

25. The NTE Defendants are concurrently filing a Notice of Filing with the Clerk of the State of Wisconsin, Circuit Court, Washington County, pursuant to

28 U.S.C. § 1446(d). A copy of this notice will also be served on Plaintiffs' counsel. A true and correct copy of this notification is attached as Exhibit B.

## Reservation of All Defenses

26. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of the NTE Defendants' rights to assert any defenses including without limitation, the defenses of lack of personal jurisdiction, failure to state a claim, failure to join an indispensable party or parties, or any other procedural or substantive defense available under state or federal law.

27. If any question arises as to the propriety of the removal of this action, the NTE Defendants request the opportunity to brief any disputed issues and to present oral argument in support of the position that this case is properly removable.

**WHEREFORE,** the NTE Defendants respectfully notify this Court that, pursuant to 28 U.S.C. §§ 1332 and 1441, this Proceeding has been removed to the U.S. District Court for the Eastern District of Wisconsin.

Respectfully submitted,

**FAFINSKI MARK & JOHNSON, P.A.**

Dated: April 18, 2018

s/ Patrick J. Rooney
Patrick J. Rooney (Wis. Bar No. 1024430)
Andrew T. James (Wis. Bar No. 1097389)
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344

(952) 995-9500
*patrick.rooney@fmjlaw.com*
*andrew.james@fmjlaw.com*

**Attorneys for Defendants
Northern Tool & Equipment Co., Inc. and
Northern Tool & Equipment Co. Medical Plan**